UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:19-cv-80660-RLR

ALI KORDBACHEH, and all others
Similarly situated under 29 U.S.C. 216(b)

        Plaintiff,

v.

BHARTI CORP., a Florida Profit Corporation,
d/b/a 7-ELEVEN, RUCHNAKS CORPORATION,
a Florida Profit Corporation, d/b/ a 7-ELEVEN and
BHARTIBEN SHAH, individually,

        Defendant(s).
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

    Defendants BHARTI CORP., RUCHNAKS CORPORATION, and BHARTIBEN SHAH, (collectively, Defendants), hereby file their Answer and Affirmative Defenses to Plaintiff, ALI KORDBACHEH's Complaint and, in support, allege and state as follows:

    1.    Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and admit that Plaintiff seeks damages pursuant to the FLSA. Defendants deny that this action is necessary, and deny that Plaintiff is entitled to any of the relief sought herein.

    2.    Defendants admit that Plaintiff purports to seek damages as alleged. Defendants deny that this action is necessary, and deny that Plaintiff is entitled to any of the relief sought herein.

1

3. Defendants admit that Plaintiff purports to bring this action as a collective action under 29 U.S.C 216(b). Defendants deny there is any need to bring this action, and deny that Plaintiff is entitled to any of the relief sought herein.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendants admit that Plaintiff was a former employee of Defendant Ruchnaks Corporation and Defendant Bharti Corporation. Defendants deny the remaining allegations of paragraph 8.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint for venue and jurisdiction purposes only. Defendants deny there is any need to invoke this Court's venue and jurisdiction.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendants admit that Plaintiff performed work for Defendant Ruchnaks Corporation and Defendant Bharti Corporation. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that Plaintiff performed work for Defendant Ruchnaks Corporation and Defendant Bharti Corporation. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 15.

16. Defendants admit that this was a policy of 7-Eleven but deny that Plaintiff always complied with the policy.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendants admit that Plaintiff claims to have retained counsel and pay his counsel a fee. Defendants deny that the retention of counsel was necessary and also deny that the filing of this action was necessary or that Plaintiff is entitled to any of the relief sought herein.

## COUNT I

34. Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 33 as if fully set forth herein.

35. Admitted.

36. Defendants state that Defendant Bharti Corporation receives its goods and materials through 7-Eleven and does not know whether these goods and materials travel through Interstate Commerce. On that basis, Defendants deny the allegations in paragraph 36.

37. Defendants admit that Defendant Bharti Corporation has employed two or more employees. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 37.

38. Denied.

39. Defendants admit that Bharti Corporation accepts credit card payments and other forms of payment but Defendants do not know where those payments are "processed" as that term is used in paragraph 39 of the Complaint. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 39.

40. Defendants admit that Bharti Corporation is an employer subject to the FLSA. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

WITH RESPECT to the unnumbered "WHEREFORE" clause after paragraph 44, including subparts a. through f., Defendants deny that Plaintiff is entitled to any of the relief contained therein with respect to Defendants.

## COUNT II

45. Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 33 as if fully set forth herein.

46. Admitted.

47. Defendants state that Defendant Ruchnaks Corporation receives its goods and materials through 7-Eleven and does not know whether these goods and materials travel through Interstate Commerce. On that basis, Defendants deny the allegations in paragraph 47.

48. Defendants admit that Defendant Ruchnaks Corporation has employed two or more employees. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 48.

49. Denied.

50. Defendants admit that Ruchnaks Corporation accepts credit card payments and other forms of payment but Defendants do not know where those payments are "processed" as that term is used in paragraph 50 of the Complaint. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 50.

51. Defendants admit that Ruchnaks Corporation is an employer subject to the FLSA. Unless expressly admitted herein, Defendants deny the remaining allegations of paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

WITH RESPECT to the unnumbered "WHEREFORE" clause after paragraph 55, including subparts a. through f., Defendants deny that Plaintiff is entitled to any of the relief contained therein with respect to Defendants.

## COUNT III

56. Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 33 as if fully set forth herein.

    57.    Admitted.

    58.    Admitted.

    59.    Denied.

    60.    Denied.

    61.    Denied.

    62.    Denied.

    63.    Denied.

    64.    Denied.

WITH RESPECT to the unnumbered "WHEREFORE" clause after paragraph 64, including subparts a. through f., Defendants deny that Plaintiff is entitled to any of the relief contained therein with respect to Defendants.

## COUNT IV

65. Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 29 as if fully set forth herein.

    66.    Denied.

    67.    Denied.

    68.    Denied.

    69.    Denied.

    70.    Denied.

WITH RESPECT to the unnumbered "WHEREFORE" clause after paragraph 70, including subparts a. through h., Defendants deny that Plaintiff is entitled to any of the relief contained therein with respect to Defendants.

## COUNT V

71. Defendants re-allege and incorporate by reference their responses to paragraphs 1 through 29 as if fully set forth herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

WITH RESPECT to the unnumbered "WHEREFORE" clause after paragraph 76, including subparts a. through h., Defendants deny that Plaintiff is entitled to any of the relief contained therein with respect to Defendants.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable in this matter.

## GENERAL DENIAL

All other allegations, contentions, claims or prayers for relief not specifically responded to are hereby expressly denied.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses. Each affirmative defense is asserted, to the extent appropriate, as to all causes of action against Defendants. By setting forth

these defenses, Defendants do not assume any burden of proof or of persuasion regarding any fact, issue, or element of a cause of action where such burden properly belongs to plaintiff. Defendants deny liability under all of plaintiff's causes of action and hold plaintiff to strict proof thereof.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE

Defendants have properly paid Plaintiff, and any alleged similarly situated employee or former employee, for all wages owed, including overtime pay, if any; Therefore, Plaintiff, and any alleged similarly situated employee or former employee, is not entitled to the back pay or the unpaid wages claimed in this action.

### SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to an offset from the Plaintiff for any overpayment of wages, or any other monies to the Plaintiff he may have received while employed by Defendants.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert that any claims for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses of any type, compensatory time off, or other job related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for liquidated damages is barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter

cannot be recorded precisely for payroll purposes, are *de minimis* and were properly disregarded for payroll purposes, in accordance with 29 C.F.R. §785.47.

### SIXTH AFFIRMATIVE DEFENSE

Defendants assert that some or all of Plaintiff's claims are barred by estoppel if Plaintiff represented he worked the hours upon which he was paid, and Defendants reasonably relied on Plaintiff's representations to their detriment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel because Plaintiff willfully refused to comply with policies and procedures designed to prevent violations of the FLSA and to ensure payment of all overtime compensation which is due and owing.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has received all compensation he is entitled to under the FLSA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to keep track of his alleged overtime and failed to submit requests for same, and, as such, has waived his claims for overtime compensation under the FLSA as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for statutory collective action fails as Plaintiff failed to plead or define any attributes of the alleged similarly situated employees.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for statutory collective action fails, as the Complaint contains no description of the job duties of the alleged similarly situated employees, and contains no allegations concerning the pay provisions of the proposed employees.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for statutory collective action is overly broad and unduly vague, and Plaintiff does not adequately represent the class alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for relief on behalf of "all others similarly situated" under 29 U.S.C. §216(B) and, therefore, cannot maintain such claims as a matter of law. Specifically, 29 U.S.C. §216(B) requires any employee to give their consent to be a party in writing and for such consent to be filed with the Court. No such consents were obtained from the unnamed individuals on behalf of whom Plaintiff is allegedly seeking relief in this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege, nor can he establish, that there are common questions of law and/or fact such that Plaintiff can state a claim for relief on behalf of "all others similarly situated" under 29 U.S.C. §216(B) and, therefore, cannot maintain such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow reasonable time reporting procedures, thereby preventing Defendants from knowing their obligation to compensate Plaintiff and preventing Defendants' ability to comply with the FLSA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow proper procedures for complaining about not being paid for all hours worked, thereby preventing Defendants from knowing their obligation to compensate Plaintiff and preventing Defendants' ability to comply with the FLSA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

During his employment with Defendants, Plaintiff did not complain about any unpaid wages and/or overtime and agreed to Defendants' calculations of the wages and overtime paid to

Plaintiff. Accordingly, Plaintiff has waived his right to maintain an action for unpaid wages and/or overtime under the FLSA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

All adverse actions taken by Defendants with respect to Plaintiff, if any, were predicated on grounds other than Plaintiff's alleged exercise of any protected rights, and those adverse personnel actions would have been taken in the absence of Plaintiff's alleged exercise of his protected rights. Defendants assert that all employment-related decisions made with respect to Plaintiff were made for legitimate, non-discriminatory/non-retaliatory reasons. Plaintiff's claims of retaliation should be dismissed on the grounds that even if any decisions concerning Plaintiff were based, in part, on grounds of retaliation, Defendants would have reached the same decision, absent any alleged retaliation.

## RESERVATION OF RIGHTS

Defendants reserve the right to rely upon any additional defenses that become available or apparent during discovery or otherwise during the pendency of this action and reserve the right to amend their Answer to assert such additional defenses. Further, any and all allegations contained in the Complaint which have not yet been admitted, denied, or otherwise explained are now denied as if set forth specifically herein.

Respectfully submitted, this 23rd day of May, 2019

/s/ Neil D. Kodsi
NEIL D. KODSI
Florida Bar No. 0011255
Email: ndk@ndkodsilaw.com
THE LAW OFFICES OF NEIL D. KODSI
1666 J.F. Kennedy Causeway, Suite 420
North Bay Village, FL 33141
Telephone: 786-464-0841
Facsimile: 954-790-6722
**Counsel for Defendants**

>*/s/ Michael S. Elstein*
>MICHAEL S. ELSTEIN. ESQUIRE
>Florida Bar No.
>Email: michael@elsteinlaw.com
>ELSTEIN LAW FIRM
>8401 Lake Worth Road, Suite 107
>Wellington, Florida  33467
>Telephone: 954.928.0990
>Facsimile: 954.491.4555
>***Co-Counsel for Defendants***

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 23, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve the foregoing via E-Mail to the following counsel of record for Plaintiff addressed as follows:

J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pererabamhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
**PERERA BARNHART, P. A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786- 485- 5232
***Counsel for Plaintiff***

>*/s/ Neil D. Kodsi*
>NEIL D. KODSI
>Florida Bar No. 0011255
>***Counsel for Defendants***